**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

ANN D. WESSBERG,

                                                    Civil No. 22-0094 (JRT/DLM)

                        Plaintiff,

v.

                                          **MEMORANDUM OPINION AND ORDER**
                                          **AFFIRMING MAGISTRATE JUDGE ORDER**
UNUM LIFE INSURANCE COMPANY OF
AMERICA,

                        Defendant.

---

Elizabeth S. Wright and Christopher M. Daniels, **PARKER DANIELS KIBORT LLC**, 123 North Third Street, Suite 888, Minneapolis, MN 55401; Michael J. Rothman, **ROTHMAN LLC**, 80 South Eighth Street, Suite 900, Minneapolis, MN 55402, for Plaintiff.

Terrance J. Wagener and Molly R. Hamilton Cawley, **MESSERLI & KRAMER P.A.**, 100 South Fifth Street, Suite 1400, Minneapolis, MN 55402, for Defendant.

Plaintiff Ann D. Wessberg brought this action against Defendant Unum Life Insurance Company of America ("Unum"), challenging the denial of long-term disability ("LTD") benefits under an employer-sponsored plan governed by the Employee Retirement Income Security Act ("ERISA"). Wessberg filed a motion to expand the administrative record, a motion to compel discovery, and a motion to amend the scheduling order, all of which Magistrate Judge Leo I. Brisbois denied. Wessberg filed a timely appeal from the Magistrate Judge's order denying her motion to expand the administrative record. Because the Magistrate Judge did not clearly err in finding that the

Wessberg has not shown good cause to expand the administrative record, the Court will

deny Wessberg's appeal and affirm the Magistrate Judge's order.

## BACKGROUND

### I.      FACTS

Plaintiff Wessberg was employed as an attorney, where she participated in her

employer's benefit plans, including a Long-Term Disability ("LTD") Plan that is insured by

Defendant Unum Life Insurance Company of America.  (Compl. ¶¶ 8–9, Jan. 18, 2022,

Docket No. 1.)  Wessberg was diagnosed with breast cancer and suffers from depression

as a result of her cancer.  (*Id.* ¶¶ 17, 18.)  Wessberg's breast cancer treatment included

surgery, chemotherapy, radiation, and reconstructive surgery.  (*Id.* ¶ 18.)  As a result,

Wessberg became disabled under the LTD Plan in October 2018, and Unum began paying

her LTD benefits.  (*Id.* ¶ 17.)

In early March 2020, midway through her chemotherapy treatment, Wessberg

developed "debilitating chronic fatigue, autonomic dysfunction, orthostatic

hypofunction, and cognitive impairment that impacts her memory and concentration."

(*Id.* ¶ 18.)  Wessberg's treating and specialist doctors diagnosed these medical conditions

and opined that she is disabled from working full time as an attorney.  (*Id.*)

Unum terminated Wessberg's LTD benefits on July 20, 2020, claiming that she was

no longer disabled under the LTD plan.  (*Id.* ¶¶ 19–20.)  Unum reinstated Wessberg's LTD

benefits for the period during which she received her last surgical procedure, but her LTD

benefits were terminated again on September 9, 2020.  (*Id.* ¶ 21.)

Wessberg claims that she continues to suffer disabling chronic fatigue, automatic dysfunction, orthostatic hypofunction, cognitive impairment, and depression, so she appealed Unum's termination of LTD benefits on April 19, 2021.  (*Id.* ¶¶ 21–22.)  She included medical information and records from Wessberg's treating and specialist doctors in her appeal, which pertained to the continuing disabling conditions caused by her cancer treatment.  (*Id.* ¶ 23.)  On July 19, 2021, Unum upheld its termination of benefits. (*Id.* ¶ 26.)

Wessberg requested that Unum reverse its appeal decision and submitted some additional medical records on August 30, 2021.  (*Id.* ¶ 27.)  In response, Unum accepted the documents and reopened the appeal.  (*See* Decl. Terrance J. Wagener, Ex. A, Jan. 17, 2023, Docket No. 39-1; Ex. B, Jan. 17, 2023, Docket No. 39-2.)  On October 1, 2021, Unum once again upheld its termination of benefits.  (Compl. ¶ 28.)

## II.   PROCEDURAL HISTORY

Wessberg brought a cause of action for LTD benefits under ERISA against Unum. (*Id.* ¶¶ 31–36.)  She also brought an ERISA claim for injunctive and equitable relief and asks the Court for declaratory relief.  (*Id.* ¶¶ 37–51.)  The initial Pretrial Scheduling Order required the parties to produce the Administrative Record by March 31, 2022, and, if they believe additional discovery is necessary, inform the Court by June 15, 2022.   (Pretrial Scheduling Order at 2–3, Mar. 10, 2022, Docket No. 12.)  The Court later extended the deadline for Wessberg to inform Unum whether she agreed that the administrative record was complete to August 1, 2022, and the parties had until August 15, 2022 to

-3-

determine if additional discovery was necessary.  (Order on Stipulation to Modify Scheduling Order, June 17, 2022, Docket No. 24.)  Wessberg advised Unum before August 1, 2022 that the record was not complete and should be expanded with fact and expert testimony, and she requested some limited discovery.  (Meet and Confer Statement, Jan. 10, 2023, Docket No. 35.)

Wessberg moved to compel responses to her written discovery and moved to extend the discovery deadline to grant sufficient time to review any supplemental responses the Court might require.  (Pl.'s Mots. Add Evidence, Compel Discovery, and Am. Scheduling Order at 1 ("Pl.'s Mot."), Jan. 10, 2023, Docket No. 32.)  She also moved to expand the administrative record to include medical records generated after Unum's final appeal decision, as well as an expert declaration describing "chemo brain."  (Pl.'s Mem. Supp. Pl.'s Mot. at 4–5, Jan. 10, 2023, Docket No. 34.)

The Magistrate Judge denied the motion because Wessberg failed to establish good cause for the expansion of the administrative record.  (Order at 1, Feb. 24, 2023, Docket No. 41.)  The Magistrate Judge determined that the three documents at issue— Dr. Laxmana Godishala's August 2021 treatment notes; a June 2022 letter from Wessberg's treating oncologist, Dr. Danielle Tippit, opining that her symptoms were unlikely to improve; and a declaration from Dr. Rodney Swenson describing "chemo brain"—are not necessary for adequate de novo review of the benefits decision and could have been timely provided during Unum's claim administration.  (*Id.* at 9–13.)  Lastly, the

Magistrate Judge determined that Wessberg is improperly attempting to present "better evidence" than she did during claim administration.  (*Id.* at 12.)  Wessberg appeals the Magistrate Judge's order, specifically objecting to the denial of her motion to expand the administrative record.  (Pl.'s Objs., Mar. 10, 2023, Docket No. 50.)

**DISCUSSION**

**I.    STANDARD OF REVIEW**

The standard of review applicable to an appeal of a Magistrate Judge's order on nondispositive pretrial matters is extremely deferential. *Roble v. Celestica Corp.*, 627 F.Supp.2d 1008, 1014 (D. Minn. 2007).  This Court will reverse such an order only if it is clearly erroneous or contrary to law. See 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. L.R. 72.2(a).

Courts review a denial of benefits under an ERISA plan de novo unless the plan gives the administrator fiduciary discretion to determine eligibility for benefits, in which case an abuse of discretion standard of review is used.  *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 111 (2008); *Ingram v. Terminal R.R. Ass'n of St. Louis Pension Plan for Nonschedule Emps.*, 812 F.3d 628, 630–31 (8th Cir. 2016).  In conducting its review of a benefits determination, a court is limited to a review of the evidence that was before the administrator when the claim for benefits was denied. *Jones v. ReliaStar Life Ins. Co.*, 615 F.3d 941, 945 (8th Cir. 2010); *LaSalle v. Mercantile Bancorporation, Inc. Long Term Disability Plan*, 498 F.3d 805, 811 (8th Cir. 2007).  The Eighth Circuit recognizes that admitting additional evidence is "discouraged on de novo review to ensure expeditious

judicial review of ERISA benefit decisions and to keep district courts from becoming substitute plan administrators." *Brown v. Seitz Foods*, 140 F.3d 1198, 1200– (8th Cir. 1998) (internal quotation marks omitted).  A district court may admit additional evidence in an ERISA benefit-denial case to expand the record only upon a showing of good cause.  *Id.*

## II.   ANALYSIS

Wessberg's objection is centered on the Magistrate Judge's denial of her motion to expand the administrative record.  Thus, the Court focuses on Wessberg's argument that the Magistrate Judge erred in not expanding the record to include two additional medical records and one expert declaration.

### A.   Treatment notes of Laxmana Godishala, M.D.

Wessberg seeks to include the August 10, 2021 treatment notes of Dr. Laxmana Godishala for the purpose of including her autonomic dysfunction diagnosis in the record. In determining whether good cause exists, the Eighth Circuit considers if the claimant had an opportunity to present the additional evidence during the administrative proceedings. *Sloan v. Hartford Life & Accident Ins. Co.*, 475 F.3d 999, 1004 (8th Cir. 2007).  "An opportunity and failure to present the additional evidence shows a lack of good cause." *Id.*  Good cause has been found when factual evidence was not available at the time the insurer made its decision.  *E.g.*, *id.*; *Brown v. Seitz Foods, Inc., Disability Benefits Plan*, 140 F.3d 1198, 1200–01 (8th Cir. 1998).

Here, the Magistrate Judge determined that Dr. Godishala's treatment notes could have been included in Wessberg's August 30, 2021 submissions—or at any other time

before Unum made its final decision on October 1, 2021. The Court agrees. Wessberg

does not explain why she could not have presented this evidence to Unum during its

evaluation process, either before the claim was denied or when the case was reopened

on appeal. *See Proctor v. Unum Life Ins. Co. of Am.*, No. 20-2472, 2022 WL 4585278, at

*12 (D. Minn. Sept. 29, 2022). Moreover, the note is merely cumulative since the

administrative record already includes documentation of her diagnosis. *See Sloan*, 475

F.3d at 1004 (affirming the denial of a motion to expand the administrative record to

include evidence that was merely duplicative of what was already in the record).

Because Wessberg had an opportunity to present the additional evidence during

the administrative proceedings but failed to do so and the materials are cumulative, she

has not shown good cause to expand the record. Thus, the Court finds that the Magistrate

Judge did not clearly err in denying the motion to expand the record as Dr. Godishala's

treatment notes.

### B.     Letter from Danielle Tippet, M.D.

Wessberg also seeks to include a June 6, 2022 letter from her treating oncologist,

Dr. Danielle Tippit, explaining Wessberg's continued cognitive impairments and her

inability to work full-time. The letter explains that, in Wessberg's rare case, her chemo

brain is not likely to improve. However, if Wessberg thought that Dr. Trippit's letter was

necessary for Unum to make a proper determination, she could have sought and

submitted it to Unum while her claim was being processed. Instead, Wessberg waited

until this litigation began to produce the letter. *See Davidson v. Prudential Ins. Co. of Am.*,

953 F.2d 1093, 1095 (8th Cir. 1992) (holding that the District Court did not abuse its discretion in refusing to consider additional evidence created after litigation had begun). Dr. Tippet became Wessberg's oncologist after Wessberg's previous doctor terminated her practice in late August 2021. While it is true that this was toward the end of the claims process, the process did not become exhausted until early October 2021. Indeed, the administrative record is replete with medical reports, physician's statements, and other evidence bearing on Wessberg's ability to work. Thus, for similar reasons as above, Wessberg lacks good cause to include the evidence now.

### C.    Declaration of Rodney A. Swenson, PhD

Lastly, Wessberg seeks to include an expert declaration from neuropsychologist, Dr. Rodney Swenson, for the "limited purpose of explaining to this Court the complex diagnosis of chemo brain." (Pl.'s Mem. at 14.) However, this additional evidence, which speaks in generalities about chemotherapy agents on the brain, should have been known to Wessberg during the administrative proceedings. This declaration was provided well after the claims process was exhausted and after Wessberg had received her chemo brain diagnosis. Unum also gave Wessberg the opportunity to supplement the record by re-opening her appeal in 2021. Thus, if Wessberg believed the evidence she now offers was necessary for Unum to make a proper benefits determination, Wessberg should have obtained this evidence and submitted it to Unum. Having failed to do so, Wessberg's "offer of additional evidence at this point amounts to nothing more than a last-gasp attempt to quarrel" with Unum's determination. *Davidson*, 953 F.3d at 1095.

Because Wessberg failed to show good cause to expand the administrative record, the Magistrate Judge did not clearly err in denying Wessberg's motion.  The Court will therefore affirm.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.   Plaintiff's Objection to Magistrate Judge's Order [Docket No. 50] is **DENIED**; and

2.  The Magistrate Judge's Order [Docket No. 41] is **AFFIRMED**.


DATED:  August 17, 2023
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge